IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB DANIEL WALSH, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:20-cv-00118 (Erie) |
| | ) | |
| vs. | ) | |
| | ) | HON. RICHARD A. LANZILLO |
| JOHN WETZEL, DERRICK | ) | UNITED STATES MAGISTRATE JUDGE |
| OBERLANDER, KEVIN COWAN, | ) | |
| BRUCE SIMMONS, CHARLES | ) | ORDER ON |
| CRISSMAN, ANGEL GRESSEL, | ) | DEFENDANTS' MOTIONS TO DISMISS |
| RICHARD CAMACHO, JOHN/JANE | ) | |
| DOES 1-17 | ) | ECF NO. 56 |
| | ) | ECF NO. 60 |
| Defendants | ) | ECF NO. 66 |

The Parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings pursuant with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1). *See* ECF Nos. 7, 24, 43. The Court has jurisdiction over this civil rights case pursuant to 28 U.S.C. §§ 1331, and 1343(a) and 42 U.S.C. § 1983. For the reasons explained in the Court's Memorandum Opinion, filed this day, it is hereby Ordered as follow:

1. The Motion to Dismiss filed by Defendants Oberlander and Wetzel (ECF No. 56) is GRANTED and the claims brought against them are DISMISSED, without prejudice.

2. The Motion to Dismiss filed by Defendants Cowan, Crissman, and Simmons (ECF No. 66) is GRANTED. The Fifth Amendment claims alleged against these Defendants are DISMISSED, with prejudice. The case will proceed against these Defendants on the Plaintiff's remaining First Amendment, Eighth Amendment, and state law claims.

3. The Motion to Dismiss filed by Defendants Camacho and Gressel is GRANTED in part and DENIED in part. The motion is GRANTED as to claims alleging a deprivation of mental health treatment, First Amendment retaliation claim, conspiracy, and the state law intentional infliction of emotion distress. Those claim are DISMISED with prejudice due to Walsh's failure to

1

exhaust his administrative remedies as to these claims. Defendants Camacho and Gressel's motion to dismiss the Eighth Amendment failure to protect claim is DENIED.

It is further ORDERED that, within twenty-one days from the entry of this Order, that is, **on or before Thursday, November 18, 2021**, Walsh may file a Third Amended Complaint in accordance with the Court's Memorandum Opinion. Walsh's failure to file a Third Amended Complaint within this period will be considered a waiver of his right to amend and, in that event, the claims dismissed herein without prejudice will be dismissed with prejudice.

Walsh should note that when a Third Amended Complaint is filed, the Second Amended Complaint no longer performs any function in the case and cannot be utilized to cure defects in the Third Amended Complaint, unless the relevant portion is specifically incorporated in the new complaint. *See, e.g., Rulli v. City of Pittsburgh*, 2021 WL 1391761, at *6 (W.D. Pa. Mar. 23, 2021), *report and recommendation adopted in part*, 2021 WL 1390492 (W.D. Pa. Apr. 13, 2021). A Third Amended Complaint may adopt some or all of the allegations in the Second Amended Complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *See* 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

If Walsh fails to file an Amended Complaint by November 18, 2021, the claims dismissed by this order will be dismissed with prejudice. If Walsh elects not to amend, and to proceed on the claims the Court has not dismissed, he may file an appropriate notice stating this intention. *See Shane v. Fauver,* 213 F.3d 113, 116 (3d Cir. 2000).

Ordered and Entered this 27th day of October, 2021.

_____
HON. RICHARD A. LANZILLO
United States Magistrate Judge